IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW WEBB on Behalf of Himself and All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>NEXIUS SOLUTIONS, INC. and VELEX, INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Matthew Webb, on Behalf of Himself and All Others Similarly Situated, files this Original Complaint against Defendants, Nexius Solutions, Inc. and Velex, Inc. and would respectfully show the Court as follows:

**SUMMARY**

1. Plaintiff brings this action to recover overtime compensation, minimum wages and other wages, liquidated damages, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interested and injunctive relief under the provisions of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Plaintiff Matthew Webb ("Plaintiff"), is a non-exempt employee who worked more than forty (40) hours in a workweek as a construction supervisor for ("Defendants"). Plaintiff worked for Defendant Nexius Solutions, Inc. from January 4, 2016 through January 31, 2018, and Plaintiff

makes claim for unpaid overtime wages for the time period April 17, 2017 through January 28, 2018. Plaintiff worked for Defendant Velex, Inc. from January 31, 2018 through January 11, 2019.

3.      Defendants violated the FLSA by failing to pay their employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per work week. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 206 and §216(b).

4.      Upon information and belief, Defendants, likewise, did not pay proper overtime to other similarly situated workers throughout Harris County, Texas and the contiguous counties. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "Class Members."

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff is an individual currently residing in Moriarty, New Mexico. Plaintiff was an employee employed by Defendants within the meaning of the FLSA.

6.      The Class Members are all of the Defendants' current and former employees who were compensated on a salary basis as construction managers (Nexius) or construction supervisors (Velex) throughout the Unites States during the three-year period prior to the filing of this Complaint up to the present. The Class Members are similarly situated employees who are/were not paid time and one-half for each hour worked in excess of forty (40) per work week.

7.      Defendant Nexius Solutions, Inc. is a corporation formed in the State of Delaware and doing business in the state of Texas. Nexius Solutions, Inc. is an employer under the FLSA and acted as such in relation to Plaintiff and Class Members. Nexius, Inc. may be served with process

by serving through its Registered Agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8. Defendant Velex, Inc. is a corporation formed in the State of Delaware and doing business in the state of Texas. Velex, Inc. is an employer under the FLSA and acted as such in relation to Plaintiff and Class Members. Nexius, Inc. may be served with process by serving through its Registered Agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## SUBJECT MATTER JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in the Eastern District of Texas, Sherman Division because Defendants have their principle places of business in Frisco, Texas.

## COVERAGE

11. At all material times, Defendants have been employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

12. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce or were engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

14. Furthermore, Defendants have had, and continue to have, an annual gross business volume

in excess of the statutory standard of $500,000.

15. Defendants provided training to Plaintiff and Class Members, controls and has knowledge of the hours to be worked by Plaintiff and Class Members, and directed the work of Plaintiffs and Class Members. Defendants maintains communications with Plaintiff and Class Members and receives updates as to the status of their work and control how each assigned task is to be performed by Plaintiffs and Class Members.

## FACTS

16. Defendants provide network services and implementation to customers throughout the United States and Texas. Defendant Nexius Solutions employs Construction Managers and Defendant Velex employs Construction Supervisors (collectively, "CM/CS") to perform one portion of these services.

17. Plaintiff and Class Members are and/or were employed as CM/CSes.

18. As a CM/CS, Plaintiff and Class Members' primary duties included, but are not limited to, driving to and from worksites over vast distances, and collecting information and reporting findings to designated managers. CM/CSes are also expected to answer emails and take conference calls with management while driving long distances between worksites or delay very long travel and extend employee workdays several hours. CM/CSes regularly and routinely must and are expected to stay in motels and hotels on trips between worksites and expected to work 6 and 7 days a week.

19. The CM/CS's duty is to inspect worksites and report to supervisors who hold decision making authority. Routine inspection duties do not require significant discretion or independent judgment and do not require specialized training or knowledge. Any decision to plan or significantly delay projects, or to budget, coordinate or pay for goods and services is not within

the discretion of CM/CS. Instead, CM/CS are tasked with making sure that plans that are created by management are performed by contractors hired by management at sites chosen by management.

20. Accordingly, Plaintiff and Class Members primary job duties at all times were those of a non-exempt employee. Plaintiff and Class Members were misclassified as "exempt" workers under the FLSA when they worked for Defendant as a CM/CS. Plaintiff and Class Members were falsely classified as exempt for purposes of overtime and were denied overtime compensation.

21. During the relevant time period, Defendants compensated Plaintiff and Class Members a flat salary with no compensation for hours worked past forty hours. However, Plaintiff and Class Members are regularly required to work on weekends at the sole discretion of a project manager or project supervisor, and not paid for any additional time over 40 hours. For any hours worked over 40 hours, Defendants failed to pay overtime in accordance with the FLSA. CM/CSes are required to work over 60 hours per week without receiving the required overtime compensation as mandated by the FLSA based on their effective rate pursuant to FLSA.

22. Plaintiff and Class Members were not paid overtime compensation when they worked for Defendants as a CM/CS during the relevant time period.

23. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek. Plaintiff has worked with other employees of Defendants who were paid pursuant to the method that fails to comply with the law.

25. Other employees similarly situated to Plaintiff work or have worked for Defendant but

were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

26. Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) per workweek.

27. The Class Members perform or have performed the same or similar work as the Plaintiff and regularly work or have worked in excess of forty (40) hours during a workweek. As with Plaintiff, Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

28. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiff, with respect to their pay, are typical of the experiences of the Class Members.

29. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

30. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

31. As such, the class of similarly situated Plaintiffs are properly defined as follows:

> *The Class Members are all of Nexius Solutions, Inc.'s and Velex's current and former employees, who were given the title and duties of Construction Managers*

*and who were paid pursuant to a salary or wage without payment for overtime hours worked, which are hours worked in excess of 40 hours in a single work week, from April 17, 2017 through the present.*

## VIOLATION OF 29 U.S.C. § 207

32. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

33. Defendants' practice of failing to pay Plaintiffs and Class Members the time-and-a-half based on Plaintiffs' regular rate of pay for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S. C. § 207.

34. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff and Class Members.

## WILLFUL VIOLATIONS OF THE FLSA

35. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Class Members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

36. Upon information and belief, Defendants Nexius Solutions, Inc. and Velex, Inc. are nationwide telecommunications companies. As such, Defendants are sophisticated businesses with the knowledge and expertise to know that the payment structure of their CM/CSes is impermissible under the FLSA.

37. Plaintiffs and Class Members request this Court permit recovery for any claims within the last three years from the filing of this suit. 29 USC § 255(a).

## WAGE DAMAGES SOUGHT

38. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

39. Plaintiff and Class Members are entitled to an amount equal to all their unpaid minimum wages and overtime wages as liquidated damages. 29 USC § 216(b).

40. Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## JURY DEMAND

41. Plaintiff and Class Members hereby demand trial by jury on all issues.

## ATTORNEY FEES

42. Plaintiff and Class Members are entitled to recover their reasonable attorney's fees, costs and expenses of this action as provided by the FLSA. 29 USC § 216(b).

## PRAYER

43. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a. Issuance of notice as soon as possible to all similarly situated employees of Defendants during any portion of the three years immediately preceding the filing of this lawsuit, informing them of their rights to participate in the lawsuit if they should so desire;

    b. Award Plaintiff and Class Members unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

    c. Award Plaintiff and Class Members an equal amount of unpaid wages as liquidated damages as required under the FLSA;

    d. Award Plaintiff and Class Members reasonable attorney fees, costs, and expenses

    of this action as provided by the FLSA;

e. Award Plaintiff and Class Members prejudgment and post-judgment interest;

f. An order requiring Defendants to correct their pay practices going forward; and

g. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

    Respectfully submitted,

    THE VETHAN LAW FIRM, PC

    By: /s/ Charles M. R. Vethan

    Joseph L. Lanza
    State Bar No. 00784447
    11459 Huebner, Suite 101
    San Antonio, Texas 78230
    Telephone: (210) 824-2220
    Facsimile: (713) 526-2230
    jlanza@vethanlaw.com

    Charles M.R. Vethan
    State Bar No. 00791852
    Two Memorial City Plaza
    820 Gessner, Suite 1510
    Houston, Texas 77024
    Telephone: (713) 526-2222
    Facsimile: (713) 526-2230
    cvethan@vethanlaw.com

    Service Email: edocs@vwtexlaw.com

    ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS